UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUILD GROUP, INC.,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>INDIAN HARBOR INSURANCE COMPANY,<br><br>　　　　　Defendant. | Case No.  24-cv-03426-VC<br><br>**ORDER GRANTING MOTION TO COMPEL ARBITRATION**<br><br>Re: Dkt. No. 38 |

　　　　The motion to compel arbitration is granted. This order assumes the reader's familiarity with the facts, relevant legal standards, and arguments made by the parties.

　　　　Indian Harbor and Build Group have an arbitration agreement that incorporates the AAA's Commercial Arbitration Rules, which delegates issues of arbitrability to the arbitrator. *See* Order Staying Case, *Build Group Inc. v. Indian Harbor Insurance Co.*, No. 24-cv-2726 (N.D. Cal. Aug. 28, 2024), Dkt. No. 36; *see Indian Harbor Insurance Co. v. Build Group, Inc.*, No. 24-CV-4887, 2025 WL 770049, at *5 (S.D.N.Y. Mar. 11, 2025); *see also Fli-Lo Falcon, LLC v. Amazon.com*, 97 F.4th 1190, 1198–99 (9th Cir. 2024).

　　　　Build Group argues that the delegation provision is unconscionable. When considering the conscionability of a delegation provision, a court may look at the "whole context" of the arbitration agreement but only in service of deciding whether the delegation provision specifically is unconscionable, not whether other parts of the arbitration agreement might be unenforceable. *Bielski v. Coinbase, Inc.*, 87 F.4th 1003, 1013 (9th Cir. 2023).

　　　　To start, Build Group argues that the agreement's choice of law provision choosing New

York law is unenforceable. It's unclear how that impacts the delegation provision. To the extent the argument is that California's unconscionability law should apply to the analysis of the delegation provision, both parties appear to agree on that. To the extent the argument is that California law should apply to the underlying breach of contract claim, that argument doesn't affect the enforceability of the delegation provision and can instead be raised in arbitration.

Build Group next argues that the delegation provision is procedurally and substantively unconscionable. But it is neither. There is little procedural unconscionability considering that the contract was negotiated between two relatively sophisticated businesses and there is no evidence of oppression or surprise. *See Armendariz v. Foundation Health Psychcare Services, Inc.*, 24 Cal. 4th 83, 114 (2000).

On substantive unconscionability, Build Group first points to the provision that requires travel to New York for the arbitration, which disadvantages Build Group because it is based in San Francisco. But a forum is only unreasonable if it "would be unavailable or unable to accomplish substantial justice"; "inconvenience and expense" alone is not enough. *Lim v. TForce Logistics, LLC*, 8 F.4th 992, 1002 (9th Cir. 2021). Nothing about the "respective circumstances of the parties" suggests that Build Group would be substantially disadvantaged by traveling to New York. *Id.* Build Group next argues that the fee provision, which requires splitting of the arbitrators' fees between the parties, is unconscionable. The California Supreme Court has held that such a fee arrangement is unconscionable in the employee arbitration context but has not extended that holding to the commercial context. California Code of Civil Procedure Section 1284.3 also limits the costs that a consumer can incur in arbitration, but that provision "does not affect commercial arbitrations between businesses." *See Sanchez v. Valencia Holding Co., LLC*, 61 Cal. 4th 899, 918 (2015). Finally, Build Group argues that the provisions prohibiting recovery of punitive and exemplary damages, and the provision precluding appeal of an arbitration award, are unconscionable. But those provisions do not bear upon the delegation provision. The delegation provision is therefore not unconscionable.

The final issue is whether this Court has authority under the FAA to compel arbitration in

New York. Some courts have interpreted FAA Section 4 to only permit a district court to compel arbitration in the district in which the motion was filed. *See Bencharsky v. Cottman Transmission System, LLC*, 625 F. Supp. 2d 872, 883 (N.D. Cal. 2008). Here, neither party contests this Court's authority to compel arbitration to New York. And in any event, Section 4's venue limitation is best interpreted as applying to a situation in which a party files a petition to compel arbitration (which they should do in the district where the arbitration is to take place), not a situation, like here, where a defendant files a motion to compel arbitration in response to being sued in the district of the plaintiff's choice.

*   *   *

The motion to compel arbitration is granted and the case is stayed. *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024). The parties are ordered to file a joint status report every 120 days until the arbitration is terminated. If the parties prefer to avoid this obligation, they may stipulate to dismiss this action without prejudice and that the defendant waives any statute of limitations defense based on the period the dispute is with the arbitrator.

**IT IS SO ORDERED.**

Dated: July 3, 2025

VINCE CHHABRIA
United States District Judge